FILED
IN CLERK'S OFFICE
US DISTRICT COURT
★ MAR 14 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
DAVID Z. SIMPSON,

        Petitioner,

        -against-

UNITED STATES OF AMERICA,

        Respondent.
-------------------------------------------------X

12-CV-01271 (SJ)

MEMORANDUM &
ORDER

**APPEARANCES**

NORMAN TRABULUS
Law Offices of Norman Trabulus
345 Seventh Avenue
21st Floor
New York, NY 1001

ROBERT L. CAPERS
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By: Sheve Ariail
    Stephen James Meyer
*Attorney for Respondent*

**JOHNSON, Senior District Judge:**

    David Simpson ("Petitioner"), has petitioned this Court pursuant to 28 U.S.C.

§ 2255 ("Section 2255") to vacate, set aside, or correct his sentence on the grounds

that he received ineffective assistance of counsel. The Government opposes. Based on the submissions of the parties, and for the reasons stated below, the motion for habeas relief is DENIED.

## BACKGROUND

On February 12, 2009, following a jury trial, petitioner David Z. Simpson ("Petitioner" or "Simpson") was convicted of all four counts charged against him in a 2008 indictment, including conspiracy to import cocaine; conspiracy to possess cocaine with intent to distribute; importation of 500 grams or more of cocaine; and attempted possession of cocaine with intent to distribute.

At that time, the Government presented evidence of Simpson's role in the conspiracy to distribute cocaine using the testimony of customs and border patrol ("CBP") agents, John F. Kennedy International Airport ("JFK") staff, a New York City Correction Officer Investigator and undercover officers involved in direct sales of narcotics by other members of the conspiracy. Tr.[1] 25-347. The Government also presented documents in Simpson's possession at the time of his arrest, including scraps of paper with names of other members of the conspiracy and receipts for cash paid to a known drug courier, Andy McEwen, whom Simpson had visited at Riker's Island Jail. Tr. 255-256, 261-264; Ex. GX 30, A56. Additionally, the Government presented parking records from JFK which show that a silver car registered to

---

[1] Unless specified otherwise, transcript references are to trial transcript pages from case number 08-CR-0300, Dkt. Nos. 85-87.

2

Simpson's wife entered and left the JFK parking lot a total of 18 times between June 25, 2007 and December 18, 2007. Tr. 290-292, 300, 330-331; Ex. GX 100. These parking records coincided with the flights of two couriers, who were also arrested as co-conspirators in this case. Id. Simpson was arrested on December 18, 2007, as he attempted to pick up Linette Santana at JFK. Santana subsequently pled guilty to conspiracy to import a controlled substance.

Finally, the Government offered testimony from another member of the conspiracy, Michelle Yearwood, who pled guilty to the importation of cocaine. Tr. 49. Among other things, Yearwood's testimony established that Petitioner was a leader in the conspiracy and that he was involved in the distribution of cocaine for sale in Baltimore and Philadelphia. Tr. 68-72, 94-98. Yearwood's testimony and cell-phone records showed that Yearwood and Simpson spoke on a regular basis. Tr. 107-108, 110-112, 338-342; Ex. GX 600-601. Simpson asked Yearwood to bring 1.5 kilograms of drugs to the United States in a suitcase on September 7, 2007, and he promised to pay her $10,000 for the trip. Id. Yearwood was arrested upon her arrival at JFK and Simpson's cell phone number was found in her purse. Tr. 45, 262-264.

Petitioner did not testify; he called two witnesses who testified to his character, and his wife testified that McEwen's girlfriend often used Simpson's phone and car. Tr. 362-377, 382-383-397-398. At the conclusion of the trial, the jury convicted Simpson of all charges. Tr. 565-566; 566-571.

P-049

After trial, Simpson appeared before this Court for sentencing on May 7, 2010. At sentencing, the parties disputed the amount of cocaine attributable to Petitioner and his level of involvement in the conspiracy. See 12-CV-1271 Dkt. No. 9, Government's Memo in Opposition ("Gov. Mem.") pp. 13-14. The Government requested a 3B1.1(b) United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") increase due to Simpson's role as a manager in the conspiracy. Simpson argued that no enhancement was appropriate. As a compromise, this Court applied 3B1.1(c) and Simpson was sentenced to 135 months incarceration, 5 years supervised release, and a $400.00 assessment.

On May 25, 2010, Simpson filed a direct appeal of the judgment, contending that his attorney at trial provided ineffective assistance of counsel. He also challenged his sentence as procedurally and substantively unreasonable. On October 28, 2010, the United States Court of Appeals for the Second Circuit ("the Circuit") issued a Summary Order ("Summary") dismissing Simpson's direct appeal based on the "overwhelming" evidence presented at trial and affirmed this Court's Order. Dkt.[2] Nos. 193, 195.

On March 12, 2012, Petitioner commenced this action pursuant to 28 U.S.C. § 2255, arguing his attorneys provided ineffective assistance of counsel during the pre-trial, trial, sentencing and appeal phases. See 12-CV-1271, Dkt. No. 1, Petitioner's Memorandum of Law ("Pet. Mem.") ¶¶ A-L. Petitioner submitted a 109

---

[2] Unless specified otherwise, all Docket Numbers ("Dkt. No.") are for Case Number 08-CR-0030.

4

page memorandum, contending his trial counsel was ineffective because, among other things, he failed to file sufficient pre-trial motions to: dismiss the case and suppress Simpson's statements following his arrest on December 18, 2007; request the Government be ordered to furnish him with the identities of co-defendants and copies of their statements; strike "prejudicial surplusage" from Petitioner's indictment; and request that the Court order the Government to turn over exculpatory evidence. Id. ¶¶ 22(a)-28(e).

During trial, Petitioner also claims that counsel failed to object to the Government's expert witness testimony regarding phone records; failed to interview Ms. Yearwood, whose post-arrest statements were different than her testimony at trial; and failed to cross examine Ms. Yearwood on her prior inconsistent statements. Id. ¶¶ 40(a)-41(f), 43(c). In addition, Petitioner contends that defense counsel did not present specific defenses; did not object to jury instructions; and did not make a motion to dismiss the four counts of the indictment as fatally defective. Id. ¶¶ 35-44(c), 46(b)-47(c). Petitioner requested a new attorney for sentencing, which this Court granted. However, Simpson found that the newly appointed sentencing attorney was also ineffective for failing to challenge the drug quantity finding and guideline enhancements for leadership role; failing to object to lidocaine's inclusion in the calculation of cocaine (Id. ¶¶ 56, 60(a)); and for untimely raising ineffectiveness claims against trial counsel (Id. ¶¶ 61-64(a)).

P-049

The Government opposes, arguing Petitioner's claim fails on the merits and should be dismissed without a hearing. 12-CV-1271 Dkt. No. 9. On March 10, 2015, this Court appointed counsel to represent Simpson in the instant petition. 12-CV-1271 Dkt. No. 17. Counsel submitted a Reply in Support of Defendant's Petition ("Reply") on June 29, 2015. Dkt. No. 19.

## DISCUSSION

### 1. An Evidentiary Hearing is Not Warranted

Simpson requests that an evidentiary hearing be conducted with respect to his petition. (See Dkt. No. 22.) The Second Circuit has held that "[a] defendant seeking a hearing on an ineffective assistance of counsel claim need establish only that he has a plausible claim of ineffective assistance of counsel, not that he will necessarily succeed on the claim," and the "procedure for determining whether a hearing is necessary is in part analogous to a summary judgment proceeding" in that, "[i]f material facts are in dispute, a hearing should usually be held, and relevant findings of fact made." Raysor v. United States, 647 F. 3d 491, 494 (2d Cir. 2011) (internal quotation marks and alterations omitted). However, it is within the district court's discretion to determine the scope and nature of a hearing, and "when the judge who tried the underlying proceedings also presides over a [28 U.S.C.] § 2255 proceeding, a full-blown evidentiary hearing may not be necessary." Id.; see also Chang v. U.S., 250 F.3d 79, 85 (2d Cir. 2001); Pham v. U.S., 317 F. 3d 178, 184 (2d Cir. 2003).

P-049

Both parties have submitted substantial briefing on Simpson's petition, all of which this Court considered, in addition to the records at trial and sentencing. In addition, this Court appointed Simpson an attorney to review the voluminous record and extract the strongest arguments for his instant petition. Where, as here, there are no significant or material facts in dispute, and the written record suffices to evaluate petitioner's claims, an evidentiary hearing is unwarranted.

### 2. Petitioner Fails the Strickland Test

"In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. In Strickland v. Washington, the Supreme Court established a two-part test to determine whether a counsel's assistance was ineffective. 466 U.S. 668 (1984). Under the Strickland test, a petitioner must show: (i) "that counsel's representation fell below an objective standard of reasonableness" under "prevailing professional norms;" and (ii) that counsel's performance prejudiced his defense. Id. at 688, 692.

In order to satisfy the first Strickland prong, a petitioner must overcome the strong presumption that counsel's action or inaction falls "within the wide range of reasonable professional assistance." Id. at 689. When evaluating the counsel's performance, a petitioner may not rely on "the distorting effects of hindsight," rather, the court must examine the circumstances of the counsel's viewpoint at the time. Id. at 689. A counsel must also "be afforded wide latitude in determining litigation strategy." Wing Lee Woo v. United States, No. CV-00-2389 (DGT), 2007 WL

7

P-049

3034210, at 5 (E.D.N.Y. Oct. 15, 2007) (citing Henry v. Poole, 409 F. 3d 48, 63 (2d Cir. 2005)).

In order to satisfy the second Strickland prong, a petitioner must "affirmatively prove prejudice," by showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the case would have been different. Strickland, 466 U.S. at 693-694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." See Strickland, 466 U.S. 668 at 697; accord Farrington v. Senkowski, 214 F. 3d 237, 242 (2d Cir. 2000). Moreover, if the evidence of a defendant's guilt is very strong, a finding of prejudice is unlikely. See Strouse v. Leonardo, 928 F. 2d 548, 556 (2d Cir. 1991); Wise v. Smith, 735 F. 2d 735-739 (2d Cir. 1984).

Petitioner raises several ineffective assistance of counsel claims against his attorneys, including at sentencing and on appeal, as summarized *supra*, however, they are without merit as he has failed to demonstrate that "but for counsel[s'] unprofessional errors, the result of the case would have been different." Strickland, 466 U.S. at 693-694.

8

First, Petitioner received the benefit of the 3B1.1(c) Guideline application, therefore, his current claims on the exact same issue are moot. Dkt. Nos. 166, 168; Gov. Mem. 13-14. Second, Petitioner suffered no prejudice as a result of appellate counsel's conduct because the Circuit held that "a more complete record" could be considered to determine whether Simpson's trial counsel's performance "fell below an objective standard of reasonableness;" however, such inquiry was unnecessary because the evidence against Petitioner was "overwhelming." Summary at 4.

Finally, Petitioner's claims regarding his attorneys' tactical decisions throughout proceedings - such as counsel's failure to file a motion to suppress post-arrest statements when Petitioner voluntarily waived his Miranda rights - also fail. See Pet. Mem. ¶¶ 22(a). Petitioner could not have suffered prejudice "if the [motion] or objection that an attorney failed to pursue lacks merit." See Harrington v. United States 689 F.3d 124 (2d Cir. 2012) (internal citations omitted). Overall, Petitioner's remaining claims consist of "airy generalities, conclusory assertions and hearsay statements," which are insufficient to overcome Strickland's second prong. See Haouari v. United States, 510 F. 3d 350, 354 (2d Cir. 2007).

As stated previously, this Court appointed an attorney to represent Simpson in the instant petition. In his Reply in support of Petitioner's 2255 petition, counsel for Petitioner focused almost exclusively on trial counsel's failure to uncover alleged exculpatory evidence from Michelle Yearwood and Sheldon Holder, two co-conspirators. Reply at 3-5. Counsel claims that the information Yearwood provided

9

for Sheldon Holder's pre-sentence investigation report ("PSR") differs from her testimony at trial which leads him to believe that the Government failed to provide trial counsel with 3500 material containing Yearwood's prior statements, or, if such statements were in trial counsel's possession, that trial counsel failed to use them to reveal exculpatory evidence and impeach Yearwood's testimony. Reply at 3-5. According to Counsel, when Probation interviewed Yearwood in 2008, she stated that Holder had recruited her, however, at trial in February 2009, she testified that it was Andrew McEwen who recruited her on behalf of Simpson. Reply 3-4.

The record shows that the Petitioner did not suffer prejudice as a result of this perceived inconsistency; in fact the very opposite is true. As an initial matter, trial counsel is not required to request 3500 material because the Government bears the burden of production. Here, the Government complied with its burden and disclosed said material. See 18 USC 3500; Fed. R. Crim. P. 16; Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972). After reviewing the material, trial counsel found that Yearwood's investigation reports had been redacted and requested that the Government provide un-redacted copies to the Court. Tr. 125. The Court granted trial counsel's request and ordered that the unredacted 3500 material be filed under seal and made part of the record. Tr. 126. Trial counsel clearly availed himself of 3500 material in his cross examination of Yearwood, which

impeached her credibility.[3] In addition, he made the strategic decision not to subpoena Holder, whose testimony may have hurt Simpson's case. Any perceived difference between Holder's PSR and Yearwood's testimony is insufficient to "undermine confidence in the outcome" of the case and fails to "affirmatively prove" that Petitioner suffered prejudice as a result of his trial attorney's conduct. Strickland, 466 U.S. 668 at 694. Even with Yearwood's discredited testimony,[4] the Government's evidence was strong enough to convict Petitioner. See Strouse v. Leonardo, 928 F. 2d at 556; Wise v. Smith, 735 F. 2d at 737, 739.

All of Petitioner's other claims have been considered and are without merit. As set forth above, the evidence against Petitioner at trial was overwhelming, and included probative evidence taken directly from his person as well as direct testimony of people involved in the drug conspiracy. The Petitioner has not affirmatively proved that he has suffered prejudice as a result of his trial, sentencing, or appellate attorneys' conduct, therefore, the Court has no need to address whether counsels' action or inaction falls "within the wide range of reasonable professional assistance." Strickland 466 U.S. at 689. Based upon the record, the Court finds that

---

[3] For example, on cross-examination by defense counsel, Yearwood testified that: she did not agree to testify for the Government in order to be released on bail and the possibility of a lesser sentence even though she signed a cooperation agreement with the Government and the Government did not object to her release (Tr. 184-186, 196); she started using drugs, broke her curfew and lied to her pre-trial services officer in violation of the terms of her release (Tr. 191-193); she sold cocaine "sometimes" throughout her addiction to cocaine, when on direct she testified she had sold cocaine only once or twice. Tr. 150.
[4] Id.

11

Petitioner's ineffective assistance of counsel claims fail. Therefore, Petitioner's sentence will not be vacated or set aside by this Court.

## CONCLUSION

For the reasons set forth above, the habeas petition is denied without an evidentiary hearing. The Court has reviewed all other claims and arguments raised by Petitioner and finds them to be without merit. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: March 9, 2016
Brooklyn, NY

/s/ USDJ JOHNSON
STERLING JOHNSON, JR.
Senior United States District Judge